IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL SCOTT REEDER, # 232010, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:13cv359-WHA |
| | ) | (WO) |
| KIM TOBIAS THOMAS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by Alabama inmate Michael Scott Reeder ("Reeder"). Doc. No. 1.[1]

## I.   BACKGROUND

### Trial and Sentencing

On July 22, 2003, a Lowndes County grand jury indicted Reeder for murder, in

violation of § 13A-6-2(a)(1), Ala. Code 1975. Reeder's case went to trial in October of that

year. The Alabama Court of Criminal summarized the evidence adduced at trial as follows:

> On August 19, 2002, the victim, Earlene Nelson, and Reeder had been
> dating. On that date, Reeder's parents were looking for him to take him to a
> doctor's appointment. Reeder's mother tried to call Nelson's apartment, but
> received only a busy signal. Reeder's parents then went to Nelson's
> apartment. When they knocked on the door, they heard "a noise" inside. A
> neighbor called the maintenance man and he unlocked the deadbolt on the
> door to the apartment. The three entered the apartment. Reeder, covered in
> blood, was lying on the sofa, grunting and moaning incoherently. Reeder's

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.
Page references are to those assigned by CM/ECF.

father and the maintenance man found the victim's body in the bathtub. The maintenance man called the police.

Upon their arrival and investigation, officers found bloodstains, bloody rags, and four bloodstained knives in the kitchen. Police Chief James Gulley noticed a trail of blood from the kitchen to the bathroom and a bloody rag in the bathroom sink. Agent Barry Burnett of the Alabama Bureau of Investigations noted that broken furniture and blood throughout the apartment indicated that a scuffle had taken place in the apartment. Officers found a brown leather wallet that contained marijuana cigarettes (R. 160); they also found some pills in the victim's suitcase. Agent Burnett also noted that it appeared that someone had tried to clean up some of the blood and had dragged the victim's body from the kitchen to the bathroom. The victim had been stabbed thirty-five times.

Investigator T.C. Campbell of the Fort Deposit Police Department testified that he saw the appellant at the hospital and that hospital staff treated several cuts on Reeder, but Reeder did not receive any stitches or sutures. Reeder was then released into Investigator Campbell's custody.

Doc. No. 52-1 at 1-2.

On October 28, 2003, the jury found Reeder guilty of the lesser-included offense of reckless manslaughter, in violation of § 13A-6-3(a)(1), Ala. Code 1975. On November 5, 2003, the trial court sentenced Reeder to 19 years in prison.

<u>Direct Appeal</u>

Reeder appealed his conviction and sentence, raising these claims:

1.   The trial court erred in instructing the jury on the lesser-included offense of reckless manslaughter and on intoxication.

2.   The State's evidence was insufficient to support his conviction for reckless manslaughter.

3.   The trial court erred in denying his motion for a continuance based on members of the venire seeing him in custody before

2

> trial.
>
> 4.    The trial court erred in admitting autopsy photographs in evidence.
>
> 5.    The trial court erred in denying his motion for a mistrial based on the district attorney's having a conversation with a juror.

Doc. No. 52-1 at 1-11.

On October 22, 2004, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Reeder's conviction and sentence. Doc. No. 51-1. Reeder filed no application rehearing. He filed a petition for writ of certiorari with the Alabama Supreme Court, which that court struck on November 10, 2004, for failure to comply with Ala. R. App. P. 39(c)(1).[2] Resp'ts Ex. 5. On that same date, the Alabama Court of Criminal Appeals issued a certificate of judgment. Resp'ts Ex. 4.

## Rule 32 Proceedings

On February 22, 2005, Reeder filed with the trial court a petition for post-conviction relief under Ala. R. Crim. P. 32, challenging his conviction and sentence. Resp'ts Ex. 7-Pt. A at 18-74. Thereafter, he filed four amendments to his Rule 32 petition, the last of which was filed on June 28, 2010.[3] The State filed answers and motions to dismiss Reeder's petition, asserting that his claims were procedurally barred and/or without merit. Ultimately,

---

[2] Alabama Rule of Appellate Procedure 39(c)(1) provides that the filing of an application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to obtaining certiorari review in the Alabama Supreme Court. Ala. R. App. P. 39(c)(1).

[3] *See* Resp'ts Ex. 7-Pt. A at 95-100; Resp'ts Ex. 7-Pt. B at 13-49; Resp'ts Ex. 7-Pt. B at 103-119; Resp'ts Ex. 7-Pt. C at 15-28.

Reeder's Rule 32 petition, as amended, included these claims.

1.    The evidence was insufficient to support his conviction for manslaughter.

2.    The verdict was against the great weight of the evidence.

3.    The trial court erred in failing to grant a motion to continue based on members of the venire seeing him in custody before trial.

4.    He was denied due process because law enforcement officials automatically presumed he was guilty.

5.    The State failed to disclose favorable evidence.

6.    He was not granted an initial appearance or informed of his right to receive appointed counsel, rendering him unable to challenge his bail and obtain pretrial release so that he could prepare his defense.

7.    His constitutional rights were violated because he did not have a hearing to determine whether he was indigent, preventing him from obtaining appointed counsel who could have requested financial assistance for expenses for a private investigator and an expert.

8.    He was denied the opportunity to challenge the validity of the complaint.

9.    The trial court constructively amended the indictment by charging the jury on the lesser-included offense of manslaughter.

10.   Trial counsel rendered ineffective assistance of counsel by failing to (a) effectively cross-examine State witnesses; (b) call certain helpful witnesses to testify in his defense; (c) inform him of his right to an initial appearance and to be released on an appearance bond; (d) conduct an adequate investigation of the facts and evidence; (e) request a jury instruction on criminally

4

negligent homicide; (f) object to law enforcement's destruction of crime-scene evidence; and (g) object to the trial court's constructive amendment of the indictment by charging the jury on the lesser-included offense of manslaughter.

11.     Appellate counsel rendered ineffective of counsel by failing to argue that the trial court constructively amended the indictment by charging the jury on the lesser-included offense of manslaughter.

Resp't's Ex. 7-Pts. A-C, passim.

On April 6, 2011, the trial court entered an order denying Reeder's Rule 32 petition. Resp't's Ex. 7-Pt. D at 90-100.  The trial court found that all of Reeder's substantive claims – i.e., those claims not asserting ineffective assistance of counsel – were procedurally barred under Ala. R. Crim. P. 32.2(a)(2)-(5), because such claims could have been, or were, raised at trial or on appeal.  Resp't's Ex. 7-Pt. D at 93.  The court further found that each of Reeder's claims of ineffective assistance of counsel was without merit and failed to establish deficient performance and prejudice under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984).  Resp't's Ex. 7-Pt. D at 94-100.

Reeder appealed to the Alabama Court of Criminal Appeals, pursuing some claims asserted in his Rule 32 petition and raising several claims not asserted in his Rule 32 petition.  On May 18, 2012, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the trial court's judgment.  Resp't's Ex. 9.  Reeder applied for rehearing (Doc. No. 28-2), which the appellate court overruled on July 13, 2012 (Resp't's Ex. 10).  He then filed a petition for writ of certiorari with the Alabama Supreme Court (Doc.

5

No. 28-3), which that court denied on September 7, 2012 (Resp'ts Ex. 11).  A certificate of

judgment was entered on the same date.  Resp't Ex. 12.

Reeder's § 2254 Petition

On May 22, 2013, Reeder filed this petition for writ of habeas corpus under 28 U.S.C.

§ 2255, asserting the following claims:

1.    The police and prosecution obtained his conviction through acts
      of bad faith, because they destroyed crime-scene evidence
      without performing scientific analysis, failed to disclose
      favorable evidence to the defense, and obtained a criminal
      complaint against him without probable cause.

2.    Trial counsel rendered ineffective assistance by failing to–

      (a)    inform Reeder of his right to an initial appearance
             and his right to a bond hearing;

      (b)    investigate the facts and evidence and obtain
             evidence held by the State;

      (c)    subpoena "two critical witnesses" for the defense;
             and

      (d)    challenge the validity of the criminal complaint.

3.    The trial court constructively amended the indictment by
      charging the jury on the lesser-included offense of
      manslaughter.

4.    "The state courts . . . exploited and manipulated the very same
      system of promulgated rules with which he was supposed to
      comply," [and] "the appellate process dealing with the collateral
      attack against his 2003 wrongful conviction also encircled
      contradictions against both state statutory codes and the
      Alabama Constitution itself."

6

Doc. No. 1 at 6-10; Doc. No. 1-1 at 16-21.

The respondents argue that Reeder is procedurally defaulted on his claims of bad faith regarding evidence destruction and lack of probable cause for the criminal complaint, because he did not properly present these claims to the state courts when he had the opportunity to do so, and he cannot return to state court to exhaust them.  Doc. No. 19 at 5-6.  The respondents argue that the state-court adjudications finding no merit in Reeder's claims regarding the State's alleged failure to disclose favorable evidence and ineffective assistance of counsel were correct, and thus these claims do not entitle Reeder to relief.  *Id*. at 7-11.  The respondents argue that Reeder's claim that the trial court constructively amended the indictment is a state-law claim not cognizable in a federal habeas action and that, in any event, the claim was correctly denied by the state courts.  *Id*. at 11-14.  Finally, the respondents argue that Reeder's claims regarding the state courts' actions on post-conviction review is not cognizable in a federal habeas proceeding.  *Id*. at 14-15.

After careful review of the parties' submissions, the record, and the pertinent law, the undersigned finds that Reeder is not entitled to habeas relief and that his § 2254 petition should be denied without an evidentiary hearing.  Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

### A.   Procedurally Defaulted Claims

*1.   "Bad Faith": Evidence Destruction, Failure to Disclose Favorable Evidence, and Lack of Probable Cause for*

7

### *Criminal Complaint*

Reader asserts that the police and prosecution obtained his conviction through acts of bad faith, because they destroyed crime-scene evidence without performing scientific analysis, failed to disclose favorable evidence to the defense, and obtained a criminal complaint against him without probable cause.  Doc. No. 1 at 6; Doc. No. 1-1 at 16-19.  The respondents argue that Reeder is procedurally defaulted on his claims regarding evidence destruction and probable cause for the complaint, because he did not properly present these claims to the state courts when he had the opportunity to do so, and he cannot return to state court to exhaust them.  Doc. No. 19 at 5-6.

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).  Claims never presented to a state court or not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules.  *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state

post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

### a. Evidence Destruction

Reeder presented no freestanding claim regarding evidence destruction on direct appeal or in his Rule 32 petition. He is precluded under Alabama law from returning to the state courts to present this unexhausted freestanding claim, as the time for presenting the claim on direct appeal has long passed, and he would be procedurally barred from raising the claim in a successive Rule 32 petition (*see* Ala. R. Crim. P. 32.2(b)) and would be further foreclosed by the time-bar in Rule 32.2(c) and the preclusion grounds in Rules 32.2(a)(2)-(5). Thus, Reeder's freestanding evidence-destruction claim is procedurally defaulted.

*Exceptions for Procedurally Defaulted Claims*

This court may reach the merits of a procedurally defaulted claim only in two narrow

circumstances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim
> if he can show both "cause" for the default and actual "prejudice" resulting
> from the default.  *See Murray v. Carrier*, 477 U.S. 478, 485 (1986);
> [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ]. . . .  Second, a federal
> court may also grant a habeas petition on a procedurally defaulted claim,
> without a showing of cause or prejudice, to correct a fundamental miscarriage
> of justice.  *Murray*, 477 U.S. at 495-96.  A "fundamental miscarriage of
> justice" occurs in an extraordinary case, where a constitutional violation has
> resulted in the conviction of someone who is actually innocent.  *Id*.

*Henderson*, 353 F.3d at 892.  "[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" or that the procedural default resulted from ineffective assistance of counsel.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To establish prejudice in this context, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see also Murray*, 477 U.S. at 494 (1986).[4]

---

[4] Absent a showing of cause and prejudice, a federal habeas court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent."  *Smith v. Murray*, 477 U.S. 527, 537-38 (1986). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).  The Supreme Court has stated:

> [A] substantial claim that constitutional error has caused the conviction of an
> innocent person is extremely rare. . . .  To be credible, such a claim requires
> petitioner to support his allegations of constitutional error with new reliable

(continued...)

In his Rule 32 petition, Reeder presented a claim that his trial counsel was ineffective for failing to object to law enforcement's destruction of crime-scene evidence – items of clothing, towels, and rags allegedly contaminated with blood  – without performing scientific analysis.  *See* Resp'ts Ex. 7-Pt. B at 35-36.  The trial court addressed this claim in its order denying the Rule 32 petition:

> Petitioner claims counsel was ineffective because she failed to object to the Alabama Bureau of Investigation's destruction of physical evidence.  This claim is also without merit, as Petitioner concedes that his trial counsel did not learn about the destruction of evidence until the preliminary hearing, after the evidence was destroyed.  There is no evidence that the destruction of evidence in Petitioner's case was intentional or that Petitioner's trial counsel expected or knew the evidence would be destroyed.  Further there was ample evidence, including law enforcement testimony and photographic evidence, depicting the blood-covered crime scene where the Petitioner and victim were found.  This claim is without merit and is dismissed.

Resp'ts Ex. 7-Pt. D at 98-99.

Reeder pursued this claim when appealing the denial of his Rule 32 petition, and the Alabama Court of Criminal Appeals affirmed the trial court's judgment, finding, among other things, that Reeder had failed to meet his burden, under Ala.R.Crim.P. 32.3 and 32.6(b), of pleading specific facts demonstrating his entitlement to relief.  Resp'ts Ex. 9 at

---

[4](...continued)
> evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Reeder points to no new, reliable evidence to satisfy the difficult standard set forth in *Schlup*.

4-7.

Here, the value to Reeder's defense of testing of the destroyed items is entirely speculative. Reeder does not demonstrate that his counsel's alleged failure to object to the destruction of evidence without scientific analysis fell below an objective standard of reasonableness or that there is a reasonable probability that, but for counsel's actions in this regard, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 689 & 694 (1984) (setting forth two-part test for evaluating claims of ineffective assistance of counsel). Further, Reeder does not show that counsel's alleged failure to object "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. Consequently, Reeder fails to show both "cause" for his default of his freestanding evidence-destruction claim and actual prejudice resulting from that default. *Murray*, 477 U.S. at 485. His freestanding evidence-destruction claim is therefore foreclosed from federal habeas review.

In any event, the trial transcript reflects that Reeder's counsel thoroughly cross-examined ABI agent Barry Burnett, lead investigator in the case, about the destruction of evidence recovered from the crime scene and sought to convey to the jury that law enforcement had conducted a sloppy and incomplete investigation of the crime. *See, e.g.*, Resp'ts Ex. 2-Pt. D at 42-48; Resp'ts Ex. 2-Pt. E at 61-62. Even if this court were to consider Reeder's habeas petition as raising an independent claim of ineffective assistance of counsel (premised on counsel's alleged failure to object to the destruction of evidence

12

without scientific analysis), the court finds that the state-court decision denying the ineffective-assistance claim on the merits was based on a reasonable determination of the facts in light of the evidence presented in the state court proceedings and was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1) & (2).

### b. Probable Cause for Criminal Complaint

Reader cursorily asserts that the police and prosecution obtained his conviction through bad faith by obtaining a criminal complaint against him without probable cause. Doc. No. 1-1 at 16. Reeder did not present this claim on direct appeal, and thus it was not properly exhausted in the state courts. He is precluded under Alabama law from returning to the state courts to present this unexhausted claim. Thus, the claim is procedurally defaulted. Reeder does not try to demonstrate cause for his failure to present this claim to the state courts in compliance with applicable procedural rules. Nor does he make the showing of actual innocence required to overcome his procedural default. Consequently, this procedurally defaulted claim is foreclosed from federal habeas review.

Even if this court were to assume that Reeder's present claim that the criminal complaint was obtained in bad faith without probable cause is contained somewhere in his state-court pleadings, e.g., in the context of an ineffective-assistance-of-counsel claim (and thus was "raised"),[5] the claim would not entitle him to habeas relief. Reeder merely asserts

---

[5] As noted, Reeder filed four amendments to his Rule 32 petition. He filed numerous other
(continued...)

that the criminal complaint was defective.  Doc. No. 1-1 at 16.  However, he does not set forth facts demonstrating legal deficiencies in the complaint or a lack of probable cause for the complaint's issuance.  In any event, the indictment supplanted the complaint as the charging instrument in his case.  The indictment was sufficient evidence of probable cause. *See Gerstein v. Pugh*, 420 U.S. 103, 117, n.19 (1975) ("[A]n indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause."); *Butler v. United States*, 191 F.2d 433, 438 (4th Cir. 1951) ("The indictment itself is evidence of probable cause.").  Reeder's challenge to the criminal complaint is misguided, and his counsel was not ineffective for failing to assert such a challenge.

### c.  Failure to Disclose Favorable Evidence

Under the rubric of "bad faith," Reeder also asserts that the State failed to disclose favorable evidence to the defense.  Doc. No. 1-1 at 18.  Reeder first presented such a claim in his Rule 32 petition.  Resp'ts Ex. 7-Pt. A at 38.  The Rule 32 court found that the claim was precluded under Ala. R. Crim. P. 32.2(a)(3) & (5) because it could have been, but was not, raised at trial and on direct appeal.  Resp'ts Ex. 7-Pt. D at 91.  The Alabama Court of Criminal Appeals affirmed the Rule 32 court's ruling and specifically held that the claim was procedurally barred under Rule 32.2(a)(5).  Resp'ts Ex. 9 at 5.

---

[5](...continued)
motions in connection with his Rule 32 petition.  His multiple and prolix pleadings filed in the state courts tend to bury issues within arguments within other issues.

"Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Because the Alabama Court of Criminal Appeals held that Reeder's evidence-suppression claim was procedurally barred under Ala. R. Crim. P. 32.2(a)(5), the claim in his habeas petition is procedurally defaulted. *Atkins*, 965 F.2d at 955. Reeder makes no attempt to demonstrate cause for his failure to present this claim to the state courts in compliance with applicable procedural rules. Nor does he make the showing of actual innocence required to overcome his procedural default. Consequently, this procedurally defaulted claim is foreclosed from federal habeas review.

## B.   Claims Adjudicated on Merits by State Courts

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas

15

petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at \*7 (N.D. Ala. Sep. 21, 2010).   To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding."   28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result.   *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002).   A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.   *Williams*, 529 U.S. at 407. "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision.   *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003).   The reviewing court "must determine what arguments or theories

16

supported or . . . could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 786 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 1.    *Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).

The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Here, because the state court ruled on the merits of Reeder's ineffective assistance

18

of counsel claims, this court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*, ___ U.S. ___, ___, 134 S. Ct. 10, 13 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Fla. Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

    a.  <u>Failure to Inform of Rights to Initial Appearance and Bond Hearing</u>

Reeder contends that his trial counsel rendered ineffective assistance by failing to inform him of his right to an initial appearance and his right to a bond hearing.  Doc. No. 1 at 7; Doc. No. 1-1 at 19-20.

Reeder presented this claim in his Rule 32 petition, and it was addressed and denied by the trial court:

> With respect to the claim regarding an initial appearance and release on an appearance bond, Petitioner argues that, if his attorney had properly advised him, he would have been able to make bond, get out of jail, obtain witnesses, and provide funds to hire certain expert witnesses.  He also claims that an initial appearance would have "provided him an opportunity to request whether he could have consulted with another defense attorney to obtain the needed counsel for his case" and that he was left "with the impression that [his trial counsel] was the only counsel he could receive from the Court.  This claim is without merit because it is based entirely on Petitioner's speculation of what possibly could have occurred if he had been released from jail before trial.  Consequently, Petitioner cannot show that his defense at trial was prejudiced and that the outcome at trial would have been different if he had been released.

Resp'ts Ex. 7-Pt. D at 96-97.

Reeder pursued this claim when appealing the denial of his Rule 32 petition.  The Alabama Court of Criminal Appeals affirmed the trial court's judgment, finding – as it did

regarding all of Reeder's claims of ineffective assistance of counsel – that Reeder had failed to meet his burden under Ala. R. Crim. P. 32.3 and 32.6(b) of pleading specific facts demonstrating his entitlement to relief and that Reeder's appellate brief merely listed alleged errors by counsel, but failed to cite to any pertinent portions of the record or argue why the trial court's denial of his claims was incorrect.  Resp'ts Ex. 9 at 3-7.

Reeder's argument regarding counsel's failure to inform him of his rights to an initial appearance and a bond hearing is based on pure speculation regarding what would have occurred if he had been released from jail before trial.  Therefore, the state-court ruling that Reeder made no showing he was prejudiced by counsel's acts was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and the state-court decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1).  Reeder is not entitled to habeas relief based on this claim.

b.  Failure to Investigate Case and Obtain Evidence Held by State

Reeder contends that his trial counsel rendered ineffective assistance by failing to investigate the facts and evidence and by failing to obtain evidence held by the State.  Doc. No. 1 at 7; Doc. No. 1-1 at 19-20.

Reeder presented this claim in his Rule 32 petition; it was addressed and denied by the trial court:

On the claim regarding a failure to investigate the facts and evidence, Petitioner argues that his counsel failed to conduct medical research on the

20

effects of combining alcohol and the drug Klonopin and to call certain lay witnesses and expert witnesses to establish that he was not "physically and mentally capable" of causing the victim's death due to the alleged side effects of "lethargy, deep sleep, and incapacitation."   However, even though Petitioner may have been lethargic, in a deep sleep, and incapacitated when he was arrested, it does not follow that the Petitioner was in this condition when he arrived [and] throughout his entire stay at the victim's residence.  It is unreasonable to speculate that the jury would have concluded that the Petitioner was in a state of "deep sleep" or a similar condition when he actually arrived at the residence and, therefore, could not have committed the crime.

Petitioner next argues that his trial counsel was deficient because she did not obtain certain forensic testing on the alleged murder weapons and other material from the crime scene.  However, as conceded by the Petitioner . . . , defense counsel was unable to have the evidence tested because it was destroyed before the preliminary hearing in the case.

Resp'ts Ex. 7-Pt. D at 97.

Reeder pursued this claim when appealing the denial of his Rule 32 petition, and the Alabama Court of Criminal Appeals found that he had failed to allege what further investigation by counsel would have revealed or how those revelations could have altered the outcome of the trial.  Resp'ts Ex. 9 at 7.

The state-court ruling that Reeder made no showing he was prejudiced by counsel's failure to investigate the effects of combining alcohol and the drug Klonopin or to call certain lay witnesses and expert witnesses regarding the effects of this combination was a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and that decision was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1).  The value of such evidence to

Reeder's defense was limited and speculative, as it did not negate the possibility that Reeder killed the victim at some point during his stay at the victim's residence.

As to counsel's failure to obtain forensic testing of evidence held by the State, the evidence in question had been destroyed. Counsel's failure to obtain destroyed evidence does not constitute deficient performance. Thus, the state-court's rejection of this claim, too, involved a reasonable determination of the facts in light of the evidence presented and was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1) & (2).

For the reasons indicated, Reeder is not entitled to habeas relief based on these claims.

### c. Failure to Subpoena Critical Witnesses

Reeder says his trial counsel rendered ineffective assistance by failing to subpoena two critical witnesses, whom he says could have provided testimony to support a defense theory that a third person was at the victim's residence and committed the crime. Doc. No. 1 at 7; Doc. No. 1-1 at 20.

Reeder presented this claim in his Rule 32 petition, and it was addressed and denied by the trial court:

> Petitioner alleges that his trial counsel failed to call Cornelius Seawright and Jessie Odean Cobb. Petitioner's trial counsel has provided a sworn affidavit stating that her decision not to call Jessie Odean Cobb was a trial strategy decision based on her belief that any helpful testimony he could

give would be outweighed by the probable harmful testimony he would give.[6] Furthermore, the State of Alabama had subpoenaed Cobb to trial but he failed to appear.  Petitioner's trial counsel also stated in her affidavit that she made a trial strategy decision not to call Mr. Seawright because his memory was "sketchy at best" and could have been confusing to the jurors.

. . .  The Court finds that the decisions not to call the above two witnesses was part of defense counsel's trial strategy and reasonable in light of her expectation that one witness would give testimony that was more harmful than good and that another witness would confuse the jurors due to his "sketchy" memory.

Resp't's Ex. 7-Pt. D at 95-96.

Strategic choices of counsel made after investigation of the law and facts relevant to plausible options are "virtually unchallengeable."  *Strickland*, 466 U.S. at 690.

[A] court must not second-guess counsel's strategy.  *Waters [v. Thomas]*, 46 F.3d [1506,] at 1518-19 [(11th Cir. 1995)] (en banc).  By "strategy," we mean no more than this concept:  trial counsel's course of conduct, that was neither directly prohibited by law nor directly required by law, for obtaining a favorable result for his client.  For example, calling some witnesses and not others is "the epitome of a strategic decision."  *Id*. at 1512 (en banc); *see also id.* at 1518-19 (en banc); *Felker v. Thomas*, 52 F.3d 907, 912 (11th Cir. 1995) (whether to pursue residual doubt or another defense is strategy left to counsel, which court must not second-guess); *Stanley v. Zant*, 697 F.2d 955, 964 (11th Cir. 1983) (stating that reliance on line of defense to exclusion of others is matter of strategy).

*Chandler*, 218 F.3d at 1314 n.14.

"[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit.  A defendant cannot simply state

---

[6] The record reflects that Reeder's counsel filed a pretrial motion in limine seeking to enjoin the State from introducing pasts statements by Cobb referring to Reeder's "violent outbursts and fits."  Resp't's Ex. 2-Pt. A at 83.

that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted).

Here, the decision by Reeder's counsel not to subpoena the two witnesses in question fell within the wide range of reasonable professional assistance. Counsel did not consider the witnesses to be good for Reeder's defense and thus decided, as a matter of trial strategy, not to call them. Moreover, Reeder fails to show that evidence beneficial to his defense would have been forthcoming had counsel subpoenaed the witnesses and called them to the stand. Reeder does not present evidence – in the form of actual testimony or affidavits from the witnesses – establishing what the witnesses' trial testimony would have been. Thus, the state-court ruling denying Reeder relief on this claim was a reasonable determination of the facts in light of the evidence presented and was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1) & (2). Reeder is not entitled to habeas relief based on the claim.

### d. Failure to Challenge Criminal Complaint

Reeder asserts that his trial counsel was ineffective for failing to challenge the validity of the criminal complaint in his case. Doc. No. 1 at 7; Doc. No. 1-1 at 20.

Because of the discursive nature of Reeder's pleadings in the state courts, it is difficult to tell if Reeder actually presented this claim in the state courts or if the state courts indeed ruled on any such claim when addressing Reeder's allegations of ineffective

assistance of counsel.   In any event, as noted above in this Recommendation, Reeder demonstrates no legal deficiencies in the complaint or a lack of probable cause for the complaint's issuance.   Moreover, the indictment supplanted the complaint as the charging instrument in his case and was sufficient evidence of probable cause.  *See Gerstein v. Pugh*, 420 U.S. 103, 117, n.19 (1975); *Butler v. United States*, 191 F.2d 433, 438 (4th Cir. 1951). Reeder is not entitled to habeas relief based on this claim.

### 3.   *"Constructive Amendment" of Indictment*

Reeder claims that the trial court constructively amended the indictment by charging the jury on the lesser-included offense of reckless manslaughter when the indictment charged him with murder.  Doc. No. 1 at 8-9; Doc. No. 1-1 at 20-21.

Reeder presented some version of this claim on direct appeal and, later, in his Rule 32 petition and his appeal from the denial of his Rule 32 petition.   It was roundly rejected by every state court to consider it.   On direct appeal, where Reeder argued that the trial court erred in instructing the jury on reckless manslaughter over trial counsel's objection that she did not want the jury to be instructed on any lesser-included offense of the murder charged in the indictment, the Alabama Court of Criminal Appeals held that the trial court's reckless-manslaughter instruction was warranted because substantial evidence was presented regarding Reeder's alleged intoxication at the time of the offense.  *See* Doc. No. 52-1 at 2-5. In his Rule 32 petition, Reeder asserted that the trial court constructively amended the indictment (by charging on reckless manslaughter) and that his trial counsel was ineffective

for failing to argue on this ground that the indictment was constructively amended.  After

finding that the underlying substantive claim was procedurally barred under Ala. R. Crim.

P. 32.2(a)(3) & (a)(4) & (a)(5), the trial court addressed this issue in terms of ineffective

assistance of counsel:

> This claim is without merit.  Manslaughter is a lesser-included offense
> of Murder.  Therefore, the Court did not err in giving this instruction, and
> doing so did not constitute a constructive amendment to the indictment.
> Under Rule 13.2(c) of the Alabama Rules of Criminal Procedure, an
> indictment for Murder was sufficient to put Reeder on notice of the charge of
> Murder an any lesser-included offenses arising from the facts of the original
> charge.  Thus, because a jury instruction on a lesser-included offense is not a
> constructive amendment of an indictment, any failure to raise such a claim by
> Petitioner's counsel does  not constitute ineffective assistance of counsel.

Resp't Ex. 7-Pt. D at 99.  The Alabama Court of Criminal Appeals affirmed the trial court's

judgment on Reeder's substantive constructive-amendment claim and his related claim of

ineffective assistance of counsel.  *See* Resp't Ex. 9.

A constructive amendment of an indictment "occurs when the essential elements of

the offense contained in the indictment are altered to broaden the possible bases for

conviction beyond what is contained in the indictment."  *United States v. Keller*, 916 F.2d

628, 634 (11th Cir. 1990).  "Customarily, a constructive amendment occurs because the trial

court instructs the jury on an expressly different crime than the one alleged in the

indictment."  *United States v. Johnson*, 713 F.2d 633, 644 n.12 (11th Cir. 1983).

Under Alabama law, reckless manslaughter may be a lesser-included offense of

murder.  *See, e.g.*, *Paige v. State*, 494 So. 2d 795, 797 (Ala. Crim. App. 1986).  Here,

evidence was presented to warrant a jury charge on reckless manslaughter.  The state-court ruling denying Reeder relief on his "constructive amendment" claim was a reasonable determination of the facts in light of the evidence presented and was neither contrary to, nor an unreasonable application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1) & (2).  Therefore, Reeder is not entitled to habeas relief based on the claim.

### C.   Non-Constitutional Claim Regarding Post-conviction Review

Reeder claims that "[t]he state courts . . . exploited and manipulated the very same system of promulgated rules with which he was supposed to comply," [and] "the appellate process dealing with the collateral attack against his 2003 wrongful conviction also encircled contradictions against both state statutory codes and the Alabama Constitution itself."  Doc. No. 10; Doc. No. 1-1 at 21.  This claim is not cognizable under 28 U.S.C. § 2254.  Section 2254 provides a remedy for constitutional violations.  Allegations of error in state law and procedure do no present constitutional violations.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and that this case be DISMISSED with prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 17, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

27

objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of August, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE